BECK *et al. v.* PINKNEY.

*(Supreme Court, General Term, First Department.   July 18, 1890.)*

SPECIFIC PERFORMANCE—CONDITION OF CONTRACT.

    A land-owner, whom one B. had sued for specific performance of a contract to sell the land, agreed that when that suit should be determined in her favor, she would sell the land to plaintiffs. Pending an appeal in his action, B. agreed with plaintiffs that in the event of a decision in his favor, he would proceed for damages only, and would relinquish all claim to the land itself. *Held,* that the owner was not bound to accept this as equivalent to a final decision in her favor, and plaintiffs are not entitled to specific performance of their contract.

Appeal from special term, New York county.

Action by Frederick Beck and Charles E. Runk against Mary G. Pinkney for specific performance. There was judgment for the defendant, and the plaintiffs appeal. The opinion of Mr. Justice INGRAHAM, filed at special term, was as follows:

"This action is brought for the specific performance of a contract for the sale of a block of land in the city of New York. The contract was dated October 20, 1886, and was to be performed on the 20th of November, 1886. Prior to that time, one Baumann had commenced an action against the defendant for the specific performance of a contract made by the defendant to sell to him the same premises, and had filed a notice of the pendency of that action. The plaintiffs therefore refused to accept title on the ground of the existence of that action, and the time for the defendant to perform her agreement with the plaintiffs was extended from time to time, until the 26th of March, 1887. And prior to this time the action of Bauman against Pinkney had been tried, and judgment entered in favor of the defendant. An appeal from that judgment had been taken by Bauman, and an order had been obtained staying all proceedings for the canceling or discharging the *lis pendens* of record pending the appeal, and the right of the defendant to sell or dispose of the real estate mentioned in the complaint in that action was suspended. On the 26th of March, 1887, the parties to this action made a new agreement, whereby the defendant agreed to convey to the plaintiffs an adjoining block of land, which agreement was subsequently carried

out.   As part of that contract it was agreed to extend from time to time the closing of the title under the contract of the 20th of October, 1886, until the final termination of the controversy between the defendant and Baumann, and in the event the said litigation should be terminated in favor of the said Mary G. Pinkney, so that she can convey the said block of land free and clear from said claim, and the lien of said *lis pendens*, then the parties would close said title as provided in said contract of October 20, 1886, except that the said parties of the second part were to take said property subject to all taxes and assessments levied or imposed on said property thereafter.   The judgment in the Baumann action was on the 8th of June, 1887, affirmed by the general term, and from the judgment of affirmance the said Baumann appealed to the court of appeals, and such appeal is still pending in said court, undetermined.   That subsequent thereto an order was granted upon application of Baumann, that upon filing a bond in the sum of $40,000, all proceedings on the part of the defendant to sell or dispose of the said property were stayed until the determination of the appeal to the court of appeals, and the entry of the order of judgment thereon, and provided that the right of the defendant under section 1323 of the Code, to sell or dispose of the real estate mentioned in the complaint, be suspended.   The time for the completion of the contract of October 20, 1886, was from time to time extended until the 28th of December, when the plaintiffs offered to deliver to the defendant a consent signed by Baumann and his attorney that the *lis pendens* filed in the action of Baumann against Pinkney be canceled and discharged of record; and also an agreement made between Baumann and the plaintiffs in this action, reciting the action brought by Baumann against the defendant and the judgment therein, and the appeal to the court of appeals; and that it was Baumann's intention, in case the judgment should be reversed, to limit his remedy to a claim for damages against the defendant, and not to make or assert any claim against the above-described property, but to relieve the said property from such claim, and to consent to a conveyance of the said property by the said Mary G. Pinkney to the plaintiffs, and providing that in consideration of $5,000 to him paid by the plaintiffs, that said Baumann did acquiesce in the delivery of a deed of the premises of the plaintiffs with the understanding and acquiescence that if the said judgment should be reversed, his remedy would be limited to a claim for damages against the said Mary G. Pinkney, and contained a covenant that the said Baumann would forever warrant and defend the title of the plaintiffs against any claim or demand to the said land, by any person claiming through him.

"The main question in this case is whether the litigation between Baumann and the defendant has been determined in her favor, so that she can convey the said block of land free and clear from Baumann's claim, and from the lien of the *lis pendens*.   Until that event happened, the defendant was under no obligation to carry out the contract of October 20, 1886.   It is clear that the letter of the agreement has not been complied with, the litigation is not determined, the *lis pendens* is not canceled.   No agreement has been made as between the defendant and Baumann withdrawing his claim upon the property.   The agreement between Baumann and the plaintiff was not made for the benefit of the defendant, nor on her behalf.   The defendant was not bound by her contract with the plaintiffs to carry into effect an agreement between plaintiffs and Baumann to which she was not a party, and made without her consent.   Her agreement was that upon the official determination of the litigation between herself and Baumann in her favor, so that she could convey the property free and clear from Baumann's claim, she would then convey, and before plaintiffs are entitled to a conveyance, they must establish that such litigation is terminated in her favor.   The defendant is undoubtedly bound in good faith to prosecute that litigation in the regular and orderly course, but that obligation does not require her to adopt a course

which, while the defendant might be successful, might expose her to risk. In the Baumann suit she has two bonds to indemnify her for any damage which she may sustain by reason of her being unable to convey the property. The sureties on those bonds have not consented to this arrangement, and she is under no obligation to adopt a course that might have the effect of discharging these sureties. If the plaintiffs desired a conveyance of the property before the litigation was finally determined by the decision of the court of appeals, they were bound to procure in some way a determination of the appeal, so that the defendant could be protected. That, they have failed to do. Nor do I think that the defendant could convey the property until the order of the court of common pleas is vacated. That order expressly provides that all proceedings on the part of the defendant to sell or dispose of the property are hereby stayed until the determination of the said appeal by the court of appeals, and the entry of the order and judgment thereon. No order or judgment of the court of appeals on the appeal has been entered. On a consideration of the whole agreement between the parties, I do not think the plaintiffs have shown themselves entitled to a conveyance of the property. The evidence would not justify a judgment that the contract is at an end. The agreement itself provided that the time for the completion of the contract of October 20, 1886, should be extended from time to time until the determination of the controversy between the defendant and Baumann, and a mere refusal to consent to such an extension was not of itself such a breach of the contract as would relieve the defendant from its obligations. On the whole case, I think the defendant is entitled to judgment dismissing the complaint, with costs."

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*Samuel Untermyer*, for appellants. *John C. Shaw*, for respondent.

BARTLETT, J. The reasons given by INGRAHAM, J., at special term, for refusing to enforce a specific performance of the defendant's contract until the final determination of the litigation between the defendant and Oscar Baumann, are so fully stated and so satisfactory that it is necessary to add very little, if anything, to what was said by the court below in disposing of this action. We may suggest, however, that to allow the plaintiffs to prevail, while the litigation with Baumann is still pending, would be not to enforce the contract which was actually entered into between the parties to this suit but to make a new contract for them. According to the express terms of their agreement, the time for closing the title is to be adjourned until the final determination of the controversy between the defendant and Baumann; and that the controversy thus referred to means the suit of Baumann against this defendant is apparent from the further provision in the contract, that she was only to convey to the plaintiffs in the event that "the said litigation" should be determined in her favor. The said litigation being undetermined, and there being no suggestion that the defendant has done anything to prevent a timely decision thereof, there is no basis for the claim that she has violated either the letter or the spirit of her contract. The fact that the plaintiffs think that the arrangement they have made with Baumann leaves the defendant in just as good a position as she would occupy if the litigation had been determined, is not conclusive in any manner upon her. I cannot see why, under any rule of law or equity, she should be compelled to convey the property, which is the subject-matter of this suit, until the contingency occurs upon which she undertook to convey it. The judgment should be affirmed.

All concur.